The Hon. Jamal N. Whitehead

UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>Plaintiff<br><br>v.<br><br>JACOB BYRON HATCH,<br>Defendant. | NO. CR26-096-JNW<br><br>**ORDER CONTINUING TRIAL** |

The Court has considered the parties' Stipulated Motion to Continue Trial, which requests a continuance of the trial date and the pretrial motions deadline.

THE COURT FINDS that the failure to grant a continuance of the trial date would result in a miscarriage of justice, within the meaning of 18 U.S.C. § 3161(h)(7)(B)(i).

THE COURT FURTHER FINDS that this case is complex, as it arises from a lengthy multi-year investigation and there is a significant volume of discovery that has been produced and will be produced. Therefore, it is unreasonable to expect the parties to adequately prepare, within the meaning of 18 U.S.C. § 3161(h)(7)(B)(ii), for pretrial proceedings or the trial itself as currently set. Specifically, the parties' briefing reflects the



UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

extensive discovery in this matter which includes legal process obtained in the investigation (e.g., search warrants, 2703(d) orders, PR/TT orders, and subpoenas), the responsive records obtained pursuant that process, surveillance photos, search photos, laboratory reports, voluminous reports from DEA, FBI, HSI, and local and state law enforcement agencies relating to the multi-year investigation, and hours of undercover audio and video recordings.

The government represents that it has produced two batches of discovery—an first batch of discovery pertaining to Mr. Hatch specifically and second batch that details the four-year investigation that began in 2022. There is also additional discovery that will continue to be provided.

Given the scope and complexity of the underlying investigation, this case may also raise novel questions of law and fact.

THE COURT FURTHER FINDS that the failure to grant a continuance of the trial date and pretrial motions deadline would deny defense counsel the reasonable time necessary for effective preparation, taking into account the exercise of due diligence, within the meaning of 18 U.S.C. § 3161(h)(7)(B)(iv).

THE COURT FINDS, therefore, pursuant to 18 U.S.C. §§ 3161(h)(6) and 3161(h)(7), the ends of justice will best be served by a continuance, and that they outweigh the interest of the public and the defendant in a speedy trial.

NOW, THEREFORE, IT IS HEREBY ORDERED that the trial date will be continued until May 24, 2027, at 9:00 a.m. **The time from the filing of the motion to continue to the new trial date is EXCLUDED under the Speedy Trial Act.**

//

//

//



UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

IT IS FURTHER ORDERED that pretrial motions will be filed no later than February 22, 2027.

IT IS ORDERED.

DATED this 17th day of November, 2026.

HON. JAMAL N. WHITEHEAD
UNITED STATES DISTRICT JUDGE

Presented by:

*s/ C. Andrew Colasurdo*
JOSEPH C. SILVIO
C. ANDREW COLASURDO
Assistant United States Attorneys

*s/ Daniel S. Norman*
DANIEL S. NORMAN
Counsel for JACOB BYRON HATCH



UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970